**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AMY STREETER,,**

        **Plaintiff,**

**-vs-**                                           **Case No.  6:14-cv-898-Orl-41DAB**

**ATLANTIC SHORES MANAGEMENT,
INC., a Florida corporation, and
AFFILIATED LABOR SERVICES, INC.,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR DEFAULT JUDGMENT AGAINST AFFILIATED LABOR SERVICES, INC. (Doc. No. 25)**
>
> **FILED:**  February 4, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

    According to the unverified allegations of the Complaint (Doc. 1), "[t]his is an action by Plaintiff, Amy Streeter, against her former employers the Defendants, Atlantic Shores Management, and Affiliated Labor Services, for violation of the Americans with Disabilities Act 42 U.S.C. §12101, et seq." (¶ 1). Although Plaintiff claims that both Defendants were her employers, she has sued each Defendant in separate counts. With respect to Affiliated Labor Services, Inc., Plaintiff pleads a count for damages in an unspecified amount "exceeding Fifteen Thousand Dollars ($15,000.00), plus reasonable attorney fees and costs of court" for violation of the ADA (Count II), and a count for

damages in a similarly unspecified amount for intentional infliction of emotional distress, based on allegedly unlawful discriminatory actions (Count IV). Following service of process, Atlantic Shores Management, Inc. appeared and answered the Complaint, and raised numerous affirmative defenses regarding the merits of Plaintiff's claim and the nature of the relationship between the parties (Doc. 18). Affiliated Labor did not appear and a Clerk's default has been entered (Doc. 23). The instant motion followed.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Importantly, however, a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Federal Rule 54(c), Fed. R. Civ. P. (2014).

Applied here, the motion reads in its entirety, as follows:

> COMES NOW, Plaintiff, Amy Streeter, by and through her undersigned trial counsel, pursuant to Rule 55(b), Federal Rules of Civil Procedure, and hereby moves for entry of a Default Judgment against the Defendant, Affiliated Labor Services, Inc., for failure to serve any papers on the undersigned or file any papers required by law. On or about September 23, 2014, a Default entered by the Clerk of Court [Document 23].

(Doc. 25). This showing is insufficient to support the entry of judgment against this Defendant.

Even if the Court were to find that liability has been established by the default, Plaintiff has provided no basis upon which to formulate an award of damages. No affidavit or other supporting evidence is filed, nor is there even an indication as to what amount is sought. On this basis alone, entry of judgment cannot be had. Additionally, even if Plaintiff had established liability and provided

-2-

a basis for formulating a damage award, considering the joint nature of the liability alleged and the fact that the Co-Defendant has appeared and is contesting liability on the merits, entry of judgment against Allied Labor is premature.

In cases involving more than one defendant, it has been held that a judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554. In this circuit, it is "sound policy" that even "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir.1984) (citing Wright & Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). *Cf. Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that "*Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications." ).

This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See, e.g.*, *GEICO v. KJ Chiropractic Center LLC*, No. 6:12–cv–1138–Orl–40DAB, 2014 WL 5426565 (M.D. Fla. Oct. 22, 2014); *Centimark Corp. v. A to Z Coating & Sons, Inc.,* No. 6:05-CV-136-ORL-DAB, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed*, 2008 WL 2909299 (11th

-3-

Cir. July 30, 2008) (unpublished); *Freeman v. Sharpe Resources Corporation,* No. 6:12–cv–1584–ORL–22TBS, 2013 WL 686935, *recommendation adopted,* 2013 WL 686986 (M.D. Fla. Feb. 26, 2013).  As the risk of inconsistent judgments is present here, consideration of entry of a default judgment against Allied Labor must await final determination of the claim against Atlantic Shores.

Absent a compelling reason to grant a judgment under these circumstances, the Court cannot recommend it. *See* Rule 54(b), Fed.R.Civ.P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.").

It is therefore **respectfully recommended** that the motion be **denied at this time.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 25, 2015.

                                             *David A. Baker*
                                       DAVID A. BAKER
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy